# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### PANAMA CITYDIVISION

ANTHONY TASCH,

     Plaintiff,

v.                          Case No.  5:26-cv-16-MW/MJF

MTC CORRECTIONAL, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

This court has preliminarily screened Petitioner's petition for a writ of mandamus. Petitioner is a prisoner who is proceeding *pro se* and *in forma pauperis*. Petitioner requests that the District Court compel Defendants to: (1) perform ministerial duties in accordance with Florida law; and (2) reinstate Plaintiff's lost gain time. Doc. 1. Because federal courts lack jurisdiction to issue writs of mandamus to direct state officials to perform their state duties, the District Court should deny the petition and close this case.

### STANDARD

The District Court is required to review Plaintiff's complaint, identify cognizable claims and dismiss the complaint, or any portion

thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).

## DISCUSSION

Under 28 U.S.C. § 1361, which codified the common-law writ of mandamus, district courts "have original jurisdiction . . . to compel an officer or employee *of the United States* or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added); *see Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Mandamus relief is available only to compel an officer *of the United States* to perform a duty when (1) the petitioner has a clear right to relief; (2) the respondent has a clear duty to act; and (3) no other adequate remedy is available. *Serrano v. U.S. Att'y Gen.*, 655 F.3d 1260, 1263 (11th Cir. 2011) (citing *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003)). "These three threshold

requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016).

Federal courts generally "have no authority to issue" a writ of mandamus "to direct state courts or their judicial officers in the performance of their duties." *Cahill v. Kendall*, 202 F. Supp. 2d 1322, 1330 (S.D. Ala. 2002). When a petition seeks to have a district court compel action from state officials, the district court lacks jurisdiction to grant relief. *Lawrence v. Miami-Dade Cnty. State Att'y Off.*, 272 F. App'x 781, 781 (11th Cir. 2008); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973).

As noted above, Petitioner requests the District Court issue an order compelling state officials and a corporation that operates prisons to perform their duties in accordance with Florida law. The District Court lacks subject-matter jurisdiction to do so. *See Brown v. Lewis*, 361 F. App'x 51, 56 (11th Cir. 2010); *see Hernandez v. Charlotte Corr. Inst. Staff*, 2006 WL 3349552, at *1 (M.D. Fla. Nov. 17, 2006).

Furthermore, to the extent Petitioner requests that the District Court compel Defendants to overturn Petitioner's adverse disciplinary

reports and reinstate his good time, a petition for a write of habeas corpus is Petitioner's exclusive remedy. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hale v. Sec'y for Dep't of Corr.*, 345 F. App'x 489, 492 (11th Cir. 2009). Thus, Petitioner has an adequate remedy that he can pursue once he exhausts remedies available under state remedies.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** the District Court:

1.     **DISMISS** without prejudice Plaintiff's petition for writ of mandamus; and

2.     **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 24th day of February 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's**

**<u>internal use only and does not control.</u> A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**